# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **KEVIN RAY VOLGAMORE** | **CIVIL ACTION NO. 10-101-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Kevin Ray Volgamore ("Petitioner), pursuant to 28 U.S.C. §2254.  The petition was received and filed in this Court on January 15, 2010.  Petitioner is incarcerated in the J. Levy Dabadie Correctional Center in Pineville, Louisiana.  He challenges his state court conviction and sentence.  Petitioner names Warden Keith Deville as respondent.

On January 8, 2003, Petitioner was convicted of DWI fourth offense in Louisiana's First Judicial District Court, Parish of Caddo.  On March 17, 2003, he was sentenced to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) two of his prior DWI convictions were invalid and therefore could not be used to enhance his January 8, 2003 conviction, (2) his two prior guilty pleas were not entered freely and voluntarily, (3) the trial court lacked jurisdiction to sentence him, and (4) the trial court violated legislative intent regarding mandatory prescription at his sentencing as a second and third offender.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.   the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.   the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1]   The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

3.  the date that "the constitutional right asserted was initially recognized by the

Supreme Court," if it is newly recognized and made retroactively applicable;

or

4.  the date "the factual predicate of the claim . . . presented could have been

discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on January 8, 2003 and sentenced on March 17, 2003.  The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on January 28, 2005.  State v. Volgamore, (La. App. 2 Cir. 1/28/04), 865 So.2d 237, 38,054-KA. The Supreme Court of Louisiana denied Petitioner's writ application on April 22, 2005. State ex rel. Volgamore v. State, 899 So.2d 568, 2004-1255 (La. 4/22/05).   In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244, ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319

F.3d 690, 693 (5th Cir. 2003).   Therefore, Petitioner's one-year period commenced 90 days after April 22, 2005 on July 21, 2005.[2]

The federal petition currently before the Court was filed in this Court on January 15, 2010 and mailed on January 15, 2010.  Since the federal clock began ticking on July 21, 2005, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before July 21, 2006.  This petition was not filed until January 2010 at the earliest, more than three years too late.

In addition, the post-conviction proceeding (writ of habeas corpus) initiated by Petitioner in December 2006 does not serve to toll the one-year limitation period, as it was not filed within the one-year period.  See supra footnote 1.  Review of these proceedings continued until the Supreme Court of Louisiana denied writs of review on January 16, 2009, 2009.  State ex rel. Vogalmore (sic) v. State, 2008-960 (La. 1/16/09), 998 So.2d 93.  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file the application for post-conviction proceedings (writ of habeas corpus) until December 2006, after the limitation period had already expired in July 2006.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

_____

[2]The Court will give Petitioner the benefit of the doubt and assume that on direct appeal his application for writs of review was timely filed in the Supreme Court of Louisiana.

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 17th day

of March, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE